JUSTICE NELSON
specially concurs and dissents.
¶30 I concur in our analysis and resolution of Issues 1 and 3.1 dissent from our resolution of Issue 2. Therefore, I would not address the cross-appeal.
¶31 While, as the Court recognizes, assumption of risk may not technically be the appropriate theory to refute the Lewises’ claim for post-purchase damages, it is undisputed that they discovered the extensive damage to the Inn well prior to their purchase of the property. Apparently unconcerned about the damage which they *44 discovered in 1996, the Lewises nonetheless assumed the loan for the Inn in 1998, the remaining balance of which, according to admissible evidence in the summary judgment record, was less than the cost to repair the damages at that time. In short, the undisputed facts show that no recoverable damages occurred after the Lewises’ acquired the Inn.
¶32 If the object of Lewises’ exercise was to buy a big lawsuit against some deep pockets, it appears they succeeded. I would affirm summary judgment in favor of the Companies on Issues 1, 2 and 3,.